**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Richard L. Stebbins

    v.                                  Civil No. 14-cv-302-LM

Merrimack County Department
of Corrections et al.[1]


**REPORT AND RECOMMENDATION**


      Richard L. Stebbins, an inmate at the Merrimack County
House of Corrections ("MCHC"), filed a complaint (doc. no. 1)
pursuant to 42 U.S.C. § 1983, alleging violations of his rights
under the United States Constitution and the Americans with
Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and state
law, seeking injunctive relief and damages.  The original
complaint (doc. no. 1) came before the court for preliminary
review, and the court issued an order (doc. no. 5) directing

---

[1]Defendants named in the complaint (doc. no. 1) are the
Merrimack County Department of Corrections ("MCDOC"), and the
following MCDOC employees: Superintendent Ronald White;
Assistant Superintendent Les Dolecal; Capt. Hague, whose first
name is unknown ("FNU"); Capt. FNU Wyman; Dir. FNU Sturven; Cpl.
Fish Head; Corrections Officer FNU Goyette; Nurse Practitioner
Trish Lee; and D. Levine.  The court construes the claims
asserted under Title II of the Americans with Disabilities Act
("ADA") to have been asserted against the MCDOC.

Stebbins to amend his complaint to demonstrate what each
defendant did or failed to do to render him or her liable to
Stebbins in this action.

Stebbins has filed an addendum (doc. no. 6) to the
complaint and a motion (doc. no. 7) to amend his complaint.  In
the order issued along with this report and recommendation
(hereinafter "Simultaneous Order"), the court grants the motion
to amend (doc. no. 7).  The court thus construes, as plaintiff's
pleadings in this matter: the original complaint (doc. no. 1),
the addendum (doc. no. 6), and the motion to amend (doc. no. 7).
The pleadings, so construed, are again before the court for
preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR
4.3(d)(1).

## Discussion[2]

I.    Skin Cancer Claim – Eighth Amendment

The federal constitution requires prison officials to take
"reasonable measures to guarantee the safety of the inmates."
Farmer v. Brennan, 511 U.S. 825, 832-33 (1993).  To establish
unconstitutional endangerment, an inmate must assert facts to

---

[2]The court, in conducting this review, uses the standard set
forth in the court's August 14, 2014, order (doc. no. 5).

demonstrate that, objectively, he was incarcerated "under conditions posing a substantial risk of serious harm," and that the responsible prison officials knew of and disregarded the excessive risk to the inmate's safety.  Id. at 834.

Stebbins asserts that for over a year he complained to the MCHC medical department of an open sore on his nose that he feared was skin cancer.  He made several requests to have the sore evaluated and diagnosed by an outside professional. Stebbins claims that MCHC Nurse Practitioner Trish Lee, in response to his complaints, examined his nose, repeatedly told him he did not have cancer, and denied him access to a specialist.  When Stebbins was finally allowed to see an outside specialist, he was diagnosed with skin cancer requiring surgery. For purposes of preliminary review, the court finds that Stebbins has stated sufficient facts to assert a plausible claim for relief against Lee and, in the Simultaneous Order, so directs service of the Eighth Amendment claim.

II.  Claims Related to Showers and Colostomy Bag Cleaning

A.   Factual Background

Stebbins asserts that during his incarceration at the MCHC, he has had a colostomy bag resulting from his having had third

3

stage colon cancer.  Stebbins claims that showering in a group
shower area poses a serious risk of infection to him, as he
essentially has an "open wound" in his abdomen.  Stebbins
asserts that in addition to having seen mold, insects, and other
inmates' fecal matter and bodily fluids in the showers, he fears
other infections that can spread in a group shower environment.
Stebbins states that he is particularly vulnerable to such a
risk, as the chemotherapy and radiation with which his colon
cancer was treated compromised his immune system.  Stebbins
requested permission to use the shower in the medical unit, and
offered to clean the shower after each time he used it, but his
request was denied.  Stebbins further complains that he is made
to empty and clean, rather than discard and replace, his
colostomy bag in his cell, without appropriate cleaning
equipment.

    B.   <u>Eighth Amendment – Shower and Colostomy Bag</u>

Stebbins has asserted plausible Eighth Amendment
endangerment claims concerning the lack of a safe shower, and
inadequate resources with which to keep his colostomy site and
bag clean.  The court has therefore directed service on MCHC
Superintendant Ronald White, MCHC Assistant Superintendent Les

4

Dolecal, and MCHC Capts. Wymann and Hauge, the individuals
Stebbins identified as responsible for the alleged
unconstitutional endangerment related to the showers and proper
arrangements for the care of Stebbins's colostomy sit and bag.

    C.   ADA – Shower

    Title II of the ADA provides that "no qualified individual
with a disability shall, by reason of such disability, be
excluded from participation in or be denied the benefits of the
services, programs, or activities of a public entity, or be
subjected to discrimination by any such entity."  42 U.S.C.
§ 12132.

> Pursuant to the plain language of Title II, a
> plaintiff must establish: (1) that he is a qualified
> individual with a disability; (2) that he was either
> excluded from participation in or denied the benefits
> of some public entity's services, programs, or
> activities or was otherwise discriminated against; and
> (3) that such exclusion, denial of benefits, or
> discrimination was by reason of the plaintiff's
> disability.

Parker v. Universidad de P.R., 225 F.3d 1, 5 (1st Cir. 2000).
Title II of the ADA applies to inmates in correctional
facilities.  See United States v. Georgia, 546 U.S. 151, 154
(2006).  Federal regulations "require public entities to 'make
reasonable modifications in policies, practices, or procedures

5

when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" Kiman v. N.H. Dep't of Corrs., 451 F.3d 274, 283 (1st Cir. 2006) (quoting 28 C.F.R. § 35.130(b)(7)).   Title II of the ADA authorizes claims only against public entities.  See Georgia , 546 U.S. at 153-54.  Accordingly, the court has construed the pleadings as asserting claims against defendants in their official capacity as agents of the Merrimack County Department of Corrections ("MCDOC").

Stebbins's allegations are sufficient, for purposes of preliminary review, to allow an ADA Title II claim to proceed against the MCDOC based on a theory that county officials discriminated against Stebbins on the basis of a disability by denying him access to a safe shower.  In the Simultaneous Order, therefore, the court has directed service of Stebbins's ADA claim alleging the denial of a reasonable accommodation c concerning the shower, on the MCDOC.

III. Inmate Employment Claim – ADA

Stebbins states that at the MCHC, in general, an inmate must first work in the kitchen in order to obtain certain other inmate jobs.  Stebbins and MCHC officials have agreed that due to his colostomy bag, it is not appropriate for Stebbins to work in the kitchen.  Stebbins claims that he is, however, denied access to certain other jobs because he cannot do the prerequisite kitchen job.  Stebbins asserts that the only jobs available to him are wiping tables and cleaning floors in his housing unit.

Stebbins claims that he has been discriminated against by MCHC officials on the basis of his disability because he has been denied certain jobs because of his disabling condition.  "A 'reasonable accommodation' does not require the public entity to employ any and all means to make services available to persons with disabilities.  Rather, a 'reasonable accommodation' is one that gives 'meaningful access' to the program or services sought."  Bibbo v. Mass. Dep't of Corr., No. 08-10746-RWZ, 2010 WL 2991668, at *1-2 (D. Mass. July 26, 2010) (quoting Alexander v. Choate, 469 U.S. 287, 301 (1985)).

Stebbins has not alleged that he has been denied the ability to work at the MCHC, or that the jobs he would prefer offer "benefits" that are not offered by the jobs that are available to him, as that term is used in Title II of the ADA, 42 U.S.C. § 12132.  Stebbins has had access to a meaningful job at the MCHC.  Thus, the complaint does not assert a failure to reasonably accommodate Stebbins's disabling condition, or that Stebbins was otherwise discriminated against in the accessibility of prison jobs, based on his disability. Accordingly, Stebbins's ADA claim asserting the lack of access to his preferred jobs at the MCHC should be dismissed.

IV.  Access to the Court - Law Library and Legal Mail

Stebbins asserts that he is not granted all of the access to the law library he would like.  Further, he asserts that MCHC officials have refused to provide him with certain "judicial and nonjudicial" addresses.  To state a claim for a denial of access to the courts, an inmate must show, among other things, that his ability to pursue a nonfrivolous claim that he has a right to litigate, has been hindered.  See Lewis v. Casey, 518 U.S. 343, 349-52 (1996); see also Guglielmo v. N.H. State Prison, 111 F.3d 122, at *1 (1st Cir. 1997) (unpublished table decision) (citing

Lewis, 518 U.S. at 356) (inmate must show "that an actionable claim has been lost or rejected or that presentation of the claim is currently being prevented" due to the defendants' actions).  Stebbins has failed to demonstrate a hindrance to any legal action caused by the alleged denials of law library time and addresses.  Accordingly, those claims should be dismissed.

V.   Remaining Conditions of Confinement Claims

The remaining conditions of confinement claims asserted in the pleadings fail to state any claim upon which relief can be granted.  See Surprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005) (inmate must show that he has been denied minimal civilized measure of life's necessities (citation omitted)); Fiallo v. De Batista, 666 F.2d 729, 730 (1st Cir. 1981) (no right to rehabilitative programming).  Those claims should therefore be dismissed.

VI.  State Law Claims

Plaintiff asserts that the denial of rehabilitative programming violated state law and deprived him of a state constitutional right.  If the district judge were to approve this report and recommendation, the court would dismiss all

claims asserting the deprivation of a related federal right to
such programming.  The district judge should decline to exercise
supplemental jurisdiction over these state law claims, see 28
U.S.C. § 1367(c), to avoid injecting state law issues into the
case that could substantially predominate over the remaining
federal issues, and should dismiss the state law claims without
prejudice to Stebbins's ability to raise the state law claims in
the state courts.

VII. Preliminary Injunctive Relief

        To obtain a preliminary injunction, a plaintiff must show,
among other things, a likelihood of success on the merits.  See
Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st
Cir. 2006).  Stebbins has requested preliminary injunctive
relief to obtain: access to a clean shower, the ability to
properly dispose of his soiled colostomy bags, increased law
library access, "proper" delivery of mail, access to certain
addresses, the same job options other inmates have, and
resignation of the members of the MCHC Classifications Board.
For reasons stated in this Report and Recommendation, the
district judge should find that Stebbins has failed to show a
substantial likelihood of success with respect to the claims

relating to law library access, mail delivery, provision of
mailing addresses, job options, and the Classifications Board.
Accordingly, the request for a preliminary injunction on those
issues should be denied.

In the Simultaneous Order, the court provides defendants an
opportunity to respond to the request for preliminary injunctive
relief seeking access to clean shower facilities, and a safe
means of cleaning and emptying Stebbins's colostomy bag.  Upon
receipt of that response, or upon expiration of the time
allotted for that response, the court will determine whether to
schedule a hearing on Stebbins's request for a preliminary
injunction on those issues.

## Conclusion

For the foregoing reasons, the district judge should
dismiss all claims asserted in the pleadings (doc. nos. 1, 6,
and 7), except the Eighth Amendment skin cancer claim asserted
against defendant Trish Lee, and the ADA and Eighth Amendment
claims relating to the shower and colostomy bag asserted against
the Merrimack County Department of Corrections, MCHC
Superintendent Ronald White, MCHC Assistant Superintendent Les
Dolecal, MCHC Capt. Hague, and MCHC Capt. Wyman.  In particular,

the claims asserted against MCHC Dir. Sturven, MCHC Cpl. Fish

Head, MCHC Corrections Officer Goyette, and D. Levine should be

dismissed, and those parties should be dropped as defendants to

this action, as the pleadings (doc. nos. 1, 6 and 7) fail to

state any claim upon which relief can be granted as to those

defendants.  The district judge should further deny all of

Stebbins's requests for preliminary injunctive relief, with the

exception of his request for access to a clean shower and

appropriate arrangements for cleaning his colostomy bag.  In the

Simultaneous Order, the court has granted defendants an

opportunity to respond to Stebbins's requests for preliminary

injunctive relief, relating to those issues.

   Any objections to this report and recommendation must be

filed within fourteen days of receipt of this notice.  See Fed.

R. Civ. P. 72(b)(2).  Failure to file objections within the

specified time waives the right to appeal the district court's

order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617

F.3d 554, 564 (1st Cir. 2010).

_____
                    Andrea K. Johnstone
                    United States Magistrate Judge

October 31, 2014

cc:  Richard L. Stebbins, pro se